District Court for the United States of America
for the
Middle District of Florida

| | |
|---|---|
| JAY V SHORE, INDIVIDUALLY, AND AS NEXT FRIEND FOR H.W, A MINOR; <br><br> CANDACE GARCIA, INDIVIDUALLY, AND AS NEXT FRIEND FOR H.W., A MINOR; <br><br> H.W., A MINOR CHILD WITH DISABILITIES, <br>                      Plaintiffs, <br> vs. <br><br> 6TH JUDICIAL CIRCUIT COURT OF FLORIDA, AS A COVERED ENTITY UNDER THE AMERICANS WITH DISABILITIES ACT; <br><br> RAYMOND O. GROSS, INDIVIDUALLY, AND IN HIS PROFESSIONAL CAPACITY AS "RETIRED" JUDGE; <br><br> JOE MCKEEVER, INDIVIDUALLY, AND AS ADA COORDINATOR FOR 6TH JUDICIAL CIRCUIT COURT, PINELLAS COUNTY; <br><br> BRUCE BARTLETT, INDIVIDUALLY, AND AS STATE ATTORNEY FOR THE STATE OF FLORIDA; <br><br> LORI O'CONNELL, INDIVIDUALLY AND AS ASSITANT STATE ATTORNEY FOR THE STATE OF FLORIDA;, <br><br>                       Defendants | CLAIM OF HARM BY TRESPASS <br><br> CLAIMS REGARDING FEDERAL QUESTIONS <br><br> CLAIMS FOR DECLARATORY RELIEF <br><br> CLAIMS FOR INJUNCTIVE RELIEF <br><br> 8:22 cv 2355 WFJ-JSS |

We, JAY V. SHORE, CANDACE GARCIA, and H.W., (as a disabled minor), ("Plaintiffs") as Plaintiffs, claim harm by way of trespass. This Court has jurisdiction pursuant to 28 U.S.C.§1331.

## JURISDICTION

In addition to the jurisdiction stated above, this Court has further jurisdiction pursuant with 42 U. S. C. §12132 "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation or denied the benefits of the services, programs or activities of a public entity," and 42 U.S.C. §12101(a)(3) "discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;" and 42 U.S.C. §12101(b)(3) "It is the purpose of this chapter—to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities;".

The Florida Constitution guarantees:

Article 1, SECTION 2.   **Basic rights.**—All natural persons, female and male alike, are equal before the law and have inalienable rights, among which are **the right to enjoy and defend life and liberty**, to pursue happiness, to be rewarded for industry, and to acquire, possess and protect property. **No person shall be deprived of any right because of** race, religion, national origin, or **physical disability**.

And in the Florida Constitution, Article 1, **SECTION 21.   Access to courts.**—The courts shall be open to every person for redress of any injury, and justice shall be administered without sale, denial or delay.

## INTRODUCTION

Since this is an emergency attempt to prevent further abuses of civil rights under the color of law, and since the undersigned is not an attorney, but acting as aid and encouragement for the enjoyment of rights under the Americans with Disabilities Act ("ADA") (42 U.S.C. 12101, et seq.), as amended, and per Haines v. Kerner, 404 US 519 (1972), should not be held to the same standards as an attorney at law, Plaintiffs allege, question, and claim as follows:

## PARTIES

1. Plaintiff JAY V. SHORE ("Plaintiff Shore") is a qualified individual with communication disabilities, and may need auxiliary aids under the Guide to Judiciary Policy, Volume 5. ***(Request is hereby made for the protocol for requesting auxiliary aid for communication disability.)*** Plaintiff Shore is acting in a capacity as aid and encouragement for both Plaintiff CANDACE GARCIA, who is the biological mother and caregiver of Plaintiff H.W., who is a minor and with communication and other disabilities that are physical and mental in nature. All parties are exercising and enjoying rights under the ADA. (42 U.S.C. §12203(b)). Plaintiff Shore is currently located on Texas at the address below; and

2. Plaintiff CANDACE GARCIA (Plaintiff Garcia), the biological mother and caregiver to Plaintiff H.W., her minor child, who is with disabilities, is also operating in the federally protected capacity of aiding and encouraging her minor daughter in the attempt to achieve equal access to the programs, services, and activities of the 6th Judicial Circuit Court of Florida, which is a covered entity under Title II of the ADA. Plaintiff Garcia's address is P.O. Box 1252 Largo, FL 33779; and

3. Plaintiff H.W., a minor, is with several disabilities as defined in the ADA, which substantially limit many of her major life activities. Plaintiff H.W. resides with her mother; and

4. Plaintiffs Shore and Garcia are acting as Next Friend for Plaintiff H.W., under Federal Rules of Civil Procedure, Rule 17(c)(2).

5. Defendant 6th JUDICIAL CIRCUIT COURT OF FLORIDA is a covered entity under Title II of the ADA, and is located in Florida, Pinellas County Justice Center 14250 49th St. North, Clearwater FL, 33762; and

6. Defendant RAYMOND O. GROSS ("Defendant Gross") is acting as judge in the 6th Judicial Circuit Court of Florida, although it is believed (and proclaimed on the 6th Judicial Circuit Court website that Defendant Gross is retired. He is believed to be acting individually under color of law, at the least, and perhaps as a judge without office at worst. He is with an address of 14250 49th St. North, Clearwater FL, 33762. He is also named in his individual capacity, and his home address is unknown to Plaintiffs; and

7. Defendant JOE MCKEEVER ("Defendant McKeever") is believed and offered by himself to be the "designated responsible employee" under 28 C.F.R. §35.107(a), also referred to generally as "ADA Coordinator" for the 6th Judicial Circuit Court of Florida, with an address of 14250 49th St. North, Clearwater FL, 33762. He is also named in his individual capacity, and his home address is unknown to Plaintiffs; and

8. Defendant BRUCE BARTLETT ("Defendant Bartlett") is the State Attorney – Prosecutor for the 6th Judicial Circuit Court of Florida, with an address of 14250 49th St. North, Clearwater FL, 33762. He is also named in his individual capacity, and his home address is unknown to Plaintiffs; and

9. Defendant LORI O'CONNELL, is an assistant State Attorney – Prosecutor for the 6th Judicial Circuit Court of Florida, with an address of 14250 49th St. North, Clearwater FL, 33762. She is also named in his individual capacity, and her home address is unknown to Plaintiffs.

## FACTUAL ALLEGATIONS

1. Plaintiff H.W. is a minor with a child, "C.W." and the child is named as an interested party in an action in the 6th Judicial Circuit Court ("6JCC") to remove the custody of C.W. from Plaintiff H.W. ; and

2. Plaintiff H.W. is with disabilities of PTSD, a learning disability, communication disability, ADHD, and Depression; and

3. At any and all times, H.W. has used a "learned behavioral and adaptive modification" (28 C.F.R. §35.108(d)(4)(iv)) of relying on her biological mother, Plaintiff Garcia, as her auxiliary aid, interpreter, and accommodation for disability; and

4. Plaintiff Shore is a Certified ADA Advocate, through a certification program completed at John Jay College of Criminal Justice in New York, in 2017. He is specifically trained to advocate (aid and encourage) litigants with invisible disabilities; and

5. Plaintiff Shore, on September 28, 2022, filled out and submitted an ADA accommodation request on behalf of Plaintiff H.W. for **case number 2000560DP-2 in the 6th Judicial Circuit Court of Florida** and requested an email for accommodation, since Plaintiff Shore is also with communication disabilities; and

6. On October 3, 2022 Defendant McKeever responded to Plaintiff Shore, inquiring what accommodations Plaintiff H.W. would need; and

7. Plaintiff Shore, on October 3, 2022 sent Defendant McKeever a list of initial accommodations, in an email and attached letter, that included:

- to be free of discrimination; and
- to have equal access to the due process administration of the court; and
- to have equal access to the programs, services, and activities of the court; and
- to have her mother, and other individuals, who aid or encourage Ms. Wilburn in the exercise and enjoyment of her rights under the ADA; and
- to be free from coercion, intimidation, threats, and interference with these rights; and
- to have her privacy protected concerning her disabilities.
- The name and email address and fax number of the designated responsible employee as required by 28 CFR §35.107.
- The court's self-evaluation, required by 28 CFR §35.105.
- The written protocol for requesting ADA modifications under Title II.
- An ex-parte hearing to discuss ADA access for Ms. Wilburn, so that her disability rights are protected as private and confidential.
- The ability for me to participate by Zoom, as aid and encouragement for Ms. Wilburn.
- The ability for Ms. Garcia to participate in person as aid and encouragement for Ms. Wilburn.
- This list of requested modifications is not complete, **and the undersigned gives conspicuous notice that due to disability, recording of calls or other proceedings is necessary as a mitigator for my communication disabilities, and will be effected as an auxiliary aid and reasonable accommodation, notwithstanding any Florida law, statute, code, regulation, order, decree, judgment or other authority inferior to the ADA.** (emphasis original) ; and

8. On October 4, 2022, Defendant McKeever responded to Plaintiff Shore, and only mentioned CART services for Plaintiff H. W., and did not mention any of the other requested accommodations; and

9. Plaintiff Shore learned that CART services were being made available for in-court observation by Plaintiff H.W. for a hearing on October 7, 2022, and since there were no other accommodations that were requested being offered, Plaintiff Shore emailed Defendant McKeever on October 6, 2022, and wrote the following: **"Having CART alone, without the ex-parte, and other accomodations [typo-original] is denial of equal access, and interference. Ms. Wilburn will not have equal access tomorrow, and you are with notice."** ; and

10. Plaintiff Shore has heard no further from Defendant McKeever at the time of this instant matter being filed with the USDC; and.

11. Plaintiff McKeever has acted, by his silence or inaction or outright obfuscation, to deny the due process rights of equal access under the ADA to the several Plaintiffs; and

12. Defendants 6JCC, McKeever, Gross, Bartlett, and O'Connell, on October 7, 2022, proceeded against Plaintiff H.W., over her protests that ADA access was being denied; and

13. Defendant Gross, on October 7, 2022, proceeded to ask Plaintiff H.W., a disabled minor, to explain what her disabilities were in open court in the 6JCC; and

14. Plaintiff H.W. continued to protest concerning not having ADA equal access; and

15. Some comments were made by Defendant O'Connell that mentioned an ADA claim coming through, but these matters were not dealt with administratively by any Defendant; and

16. During the October 7, 2022 hearing, Plaintiff H.W. Repeatedly asked if the 6JCC court was considering her a minor or an adult, and Defendant Gross refused to answer this substantive due process question. This was further egregious, because Plaintiff H.W. has communication disabilities, and Defendant Gross was interfering with Plaintiff H.W.'s equal access and other rights under the ADA; and

17. Plaintiff O'Connell/Bartlett, having knowledge of needed ADA access, has proceeded to attempt to serve a summons for some unknown matter upon Plaintiff Garcia, and said summons is presumed to be against or naming Plaintiff H.W. for an emergency hearing on Friday, October 12, 2022; and

18. Plaintiff Garcia is believed to be absent any duty to effect completion of service for the benefit of Defendant O'Connell and/or her superior Defendant Bartlett; and

19. Plaintiffs believe that Defendants O'Connell and Bartlett are acting in retaliation to Plaintiffs opposing unlawful acts of coercion, intimidation, and threats against Plaintiffs H.W. and Garcia, and for Plaintiff Shore opposing unlawful acts of interference against Plaintiffs Shore, Garcia, and H.W. ; and

20. Regardless of whether retaliation is declared in any declaratory issuance of this Court, Plaintiffs still allege that the Defendants have unlawfully acted jointly and severally, in their individual capacities, and also administratively (non-judicially) to deprive Plaintiff H.W. of the due process right to be afforded equal access under the ADA, and to be free of coercion, intimidation, threats, and interference with the exercise and enjoyment of rights under the ADA. 42 U.S.C. §12203(b) ; and

21. Plaintiffs also allege that Defendants have unlawfully acted jointly and severally, in their individual capacities and also administratively (non-judicially) to deprive Plaintiffs Garcia and Shore of their due process right to aid and encourage Plaintiff H.W. in the exercise and enjoyment of rights under the ADA; and
22. The ADA strips State sovereign immunity per 42 U.S.C. §12202, 28 C.F.R. §35.178, and case law supports this removal of State sovereign immunity – see Tennessee v. Lane 541 US 509 (2004) ; and
23. Defendants acts, jointly and severally, as described herein, amount to discrimination on the basis of disability against the Plaintiffs, jointly and severally; and
24. Plaintiffs are not pursuing relief from a state court judgment, thus Rooker-Feldman has no bearing on this matter.

## CLAIMS FOR RELIEF – FEDERAL QUESTION

Inclusive of the foregoing allegations, and because Defendants have trespassed upon Plaintiffs' due process rights, Plaintiffs request this Court to remove the 6JCC case 2000560DP-2 to this venue for the answer to the following federal questions:

1. Do Plaintiffs have the due process rights offered under the ADA, or can the Defendants, including 6th Judicial Circuit Court of Florida ("6JCC"), Gross, McKeever, Bartlett, and O'Connell authoritatively and legally deny these rights to Plaintiffs?
2. Are the Acts of the Defendants, jointly or severally, in denying, delaying, or ignoring the requests for accommodation under the ADA, discrimination on the basis of disability?
3. Can the 6JCC court proceed against a disabled minor without allowing the disabled minor to have their auxiliary aid persons and aid and encouragement under the ADA?
4. How can Plaintiffs gain equal access to the programs, services, and activities of Defendants' offerings, if not through the clearly established ADA?
5. How can Plaintiffs avail due process, without having the Defendants be compliant with the ADA?
6. Are the Defendants entitled to ignore the ADA regarding their programs, services, and activities?

## CLAIMS FOR DECLARATORY RELIEF

Inclusive of the foregoing, Plaintiffs request the Court to grant declaratory judgment or decree to the effect of establishing that the Defendants, jointly and severally, have violated the due process rights of the Plaintiffs, jointly and severally; and

That Plaintiff's rights have been deprived under color of law; and

That Defendant Gross has impugned the integrity of the 6th Judicial Circuit Court, by removing any semblance of integrity, impartiality, or fairness in the 6th Judicial Circuit Court.

## CLAIMS FOR INUNCTIVE RELIEF

Inclusive of the foregoing, Plaintiffs request the Court to immediately enjoin the Defendants, jointly and severally, from proceeding against Plaintiff H.W. without first fully addressing the current, and any additional requests for reasonable modification; and

Enjoining the Defendants, jointly and severally, from applying or using coercion, threat, intimidation, and interference concerning Plaintiff's clearly established rights under the ADA.

Enjoining Defendant McKeever from acting as "designated responsible employee" for 6JCC if he cannot demonstrate that he is, in fact, "responsible" to comply with the ADA.

Wherefore the Plaintiffs request these remedies from the Court and any other remedy that the court deems prudent or necessary in the interest of justice.

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to

harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to the address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case. **I, JAY V SHORE, request the ability to use CM/ECF for communication disability mitigation.**

Signature conformable with UCC-1-201(37).

_____   Date: 10-13-22
JAY V SHORE, individually,
and as next friend for H.W., a minor with disabilities
c/o 3521 50th St. #51
Lubbock, TX 79413
234-386-3363
adarights@protonmail.com

_____   Date: 10-13-22
Candace Garcia, individual
and as next friend for H.W., a minor with disabilities
P.O. Box 1252 Largo, FL 33779
hnwcmgpoa@gmail.com

## Certification of Service

    I certify that this **Claim of Harm by Trespass** was either hand-delivered or mailed by certified or registered mail in an appropriate envelope by USPS to the following parties, to wit:

1. Defendant 6th JUDICIAL CIRCUIT COURT OF FLORIDA 14250 49th St. North, Clearwater FL, 33762; and
2. Defendant RAYMOND O. GROSS 14250 49th St. North, Clearwater FL, 33762; and
3. Defendant JOE MCKEEVER 14250 49th St. North, Clearwater FL, 33762; and
4. Defendant BRUCE BARTLETT 14250 49th St. North, Clearwater FL, 33762; and
5. Defendant LORI O'CONNELL, 14250 49th St. North, Clearwater FL, 33762.

Date: 10-13-22

By: _____
      Signature