UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAY V. SHORE and CANDACE GARCIA,

    Plaintiffs,

v.                                                                                          Case No: 8:22-cv-2355-WFJ-JSS

SIXTH JUDICIAL CIRCUIT COURT OF FLORIDA, RAYMOND O. GROSS, JOE MCKEEVER, BRUCE BARTLETT, and LORI O'CONNELL,

    Defendants.
_____/

## ORDER

Defendants Sixth Judicial Circuit Court of Florida, Raymond O. Gross, and Joe McKeever jointly move to quash service of process. (Motion, Dkt. 10). Despite being directed to respond if warranted (Dkt. 11), Plaintiffs failed to respond to the Motion. As such, the Motion is deemed unopposed. (*Id.*) Upon consideration, and for the reasons set forth below, the unopposed Motion is granted.

### BACKGROUND

On October 13, 2022, Plaintiffs, proceeding pro se, filed this action against the Sixth Judicial Circuit, and against Raymond O. Gross, Joe McKeever, Bruce Bartlett, and Lori O'Connell, in both their official and individual capacities. (Dkt. 1.) That same day, the Clerk of Court issued a summons for each Defendant. (Dkt. 2.) On

November 4, 2022, Plaintiff Garcia filed returns of service reflecting that each Defendant was served with process via certified mail. (Dkts. 5–9.)

## APPLICABLE STANDARDS

After a complaint is filed, the plaintiff must serve the defendant with the summons and a copy of the complaint within ninety days. Fed. R. Civ. P. 4(c)(1), (m). If a defendant is not served within ninety days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). It is the plaintiff's burden to establish effective service of process. *Onpower, Inc. v. United Power Line Contractors, LLC*, No. 2:15-cv-796-FtM-99MRM, 2016 WL 9049315, at *1 (M.D. Fla. Mar. 14, 2016). "Generally, where service of process is insufficient, a district court lacks personal jurisdiction over a defendant and, therefore, has no power to render judgment over that defendant." *Kelly v. Florida*, 233 F. App'x 883, 884 (11th Cir. 2007). "And although we are to give liberal construction to the pleadings of pro se litigants, 'we nevertheless have required them to conform to procedural rules.'" *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (quoting *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002)) (emphasis omitted).

## ANALYSIS

Defendants Sixth Judicial Circuit Court of Florida, Raymond O. Gross, and Joe McKeever move to quash service of process, arguing that service via certified mail is insufficient under the Federal Rules of Civil Procedure and Florida law to effect service of process. (Dkt. 10 at 3–5.)

As noted above, Federal Rule of Civil Procedure 4(c) provides that service of process must be made by serving a summons and a copy of the complaint on each defendant within the time allowed by Federal Rule of Civil Procedure 4(m), by "[a]ny person who is at least 18 years old and not a party." Fed. R. Civ. P. 4(c)(1), (2). For service upon an individual within a judicial district of the United States, he or she may be served by: (1) "delivering a copy of the summons and of the complaint to the individual personally"; (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Alternatively, an individual may be served in accordance with Florida law. Fed. R. Civ. P. 4(e)(1). Florida law provides that "[s]ervice of original process is made by delivering a copy of [the summons] to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a).

To effect service on a state, a municipal corporation, or any other state-created governmental organization, a plaintiff must either "deliver[ ] a copy of the summons and of the complaint to its chief executive officer" or "serv[e] a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). Florida Statute § 48.111 provides the relevant rules for service of process upon a state agency within the state of Florida.

Nevertheless, "no statute, either federal or state, permits service upon a state agency by certified mail." *See Yaniga v. Fla. Dept. of Transp.*, No. 8:11-cv-1371-T-23TBM, 2011 WL 6338910, at *1 (M.D. Fla. Dec. 19, 2011).

Here, the returns of service reflect that each Defendant was mailed the summons and copy of the Complaint via certified mail. However, as noted above, neither the federal rules nor Florida law allows a plaintiff to serve a defendant solely in this manner. *Cf. Emerald Coast Finest Produce Co., Inc. v. QSR Group Three, LLC*, No. 3:07-cv-132-RV-MD, 2007 WL 1526650, at *1 (N.D. Fla. May 24, 2007) ("Service by certified mail is not personal delivery, and, therefore, it is not sufficient under federal law."); *Transp. & Gen. Ins. Co., Ltd. v. Receiverships of Ins. Exch. of the Americas, Inc.*, 576 So. 2d 1351, 1352 (Fla. 1st DCA 1991) ("There is no statutory authority, or authority under Rule 1.070, Florida Rules of Civil Procedure, for serving appellant only by certified mail."). Rather, process may only be served via certified mail if a defendant consents and waives personal service. *See* Fed. R. Civ. P. 4(d); Fla. R. Civ. P. 1.070(i). Plaintiffs, however, do not present any evidence that Defendants Sixth Judicial Circuit Court of Florida, Raymond O. Gross, or Joe McKeever agreed to waive personal service and accept the Complaint by mail under Rule 1.070(i) or Rule 4(d). Therefore, because there is no evidence that these Defendants waived service, the undersigned finds that Plaintiffs have failed to properly serve them.

Accordingly,

1) Defendants Sixth Judicial Circuit Court of Florida, Raymond O. Gross, and Joe McKeever's Motion to Quash Purported Service of Process (Dkt. 10) is **GRANTED**.

2) Plaintiffs are granted leave to cure any defects in service of process under Rule 4 within 30 days.

**ORDERED** in Tampa, Florida, on January 9, 2023.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party